# EXHIBIT 1

| Approved, SCAO | | Original - Court<br>1st copy - Defendant | | 2nd copy - Plaintiff<br>3rd copy - Return |
|---|---|---|---|---|
| STATE OF MICHIGAN<br>9th JUDICIAL DISTRICT<br>JUDICIAL CIRCUIT<br>COUNTY PROBATE | | SUMMONS | CASE NO.<br>2020- 0436 NZ | |

Court address
150 East Crosstown Parkway, Kalamazoo, MI 49001

Court telephone no.
269-383-8837

Plaintiff's name(s), address(es), and telephone no(s).
Burm Kim
1324 Chartwell Dual Carriage Way
East Lansing, MI 48823

v

Defendant's name(s), address(es), and telephone no(s).
All United States Kendo Federation
Agent for Service of Process: Norman K. Otani
2338 East Minarets Avenue
Fresno, CA 93720

Plaintiff's attorney, bar no., address, and telephone no.
Phillip J. Reed (P77157)
Reed Law PLC
119 North Church Street, Suite 202
Kalamazoo, MI 49007
Ph: (269) 216-9976

FILED
Oct 29, 2020
9TH JUDICIAL CIRCUIT
COUNTY OF KALAMAZOO
KALAMAZOO, MICHIGAN

**Instructions:** Check the items below that apply to you and provide any required information. Submit this form to the court clerk along with your complaint and, if necessary, a case inventory addendum (form MC 21). The summons section will be completed by the court clerk.

**Domestic Relations Case**
☐ There are no pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.
☐ There is one or more pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint. I have separately filed a completed confidential case inventory (form MC 21) listing those cases.
☐ It is unknown if there are pending or resolved cases within the jurisdiction of the family division of the circuit court involving the family or family members of the person(s) who are the subject of the complaint.

**Civil Case**
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
☐ MDHHS and a contracted health plan may have a right to recover expenses in this case. I certify that notice and a copy of the complaint will be provided to MDHHS and (if applicable) the contracted health plan in accordance with MCL 400.106(4).
☑ There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.
☐ A civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in ☐ this court, ☐ _____ Court, where it was given case number _____ and assigned to Judge _____
The action ☐ remains ☐ is no longer pending.

Summons section completed by court clerk.   **SUMMONS**

**NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons and a copy of the complaint to **file a written answer** with the court and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state).
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.
4. If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

| Issue date | Expiration date* | Court clerk |
|---|---|---|
| 10-29-2020 | 01-28-2021 | |

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court.

MC 01 (9/19) SUMMONS    MCR 1.109(D), MCR 2.102(B), MCR 2.103, MCR 2.104, MCR 2.105

STATE OF MICHIGAN

IN THE 9th CIRCUIT COURT FOR THE COUNTY OF KALAMAZOO

BURM KIM,

    Plaintiff,

v

ALL UNITED STATES KENDO
FEDERATION ("AUSKF"), a California
Public Benefit Corporation,

    Defendant.

Case No. 2020- 0436      NZ

Hon. Alexander C. Lipsey

---

**Phillip J. Reed (P77157)**
REED LAW PLC
Attorney for Plaintiff
119 North Church Street, Suite 202
Kalamazoo, MI 49007
Ph: (269) 216-9976

**Reh Starks (P76689)**
STARKS LAW, PLC
Co-Counsel for Plaintiff
119 North Church Street, Suite 202
Kalamazoo, MI 49007
Ph: (269) 216-6006

---

## COMPLAINT

There is no other pending or resolved action within the jurisdiction of the circuit court involving the persons who are the subject of this complaint or arising out of the transaction or occurrence that is the subject of this complaint.

NOW COMES Plaintiff, Burm Kim, by and through his attorneys REED LAW PLC and STARKS LAW, PLC and states in support of his Complaint as follows:

### JURISDICTION AND PARTIES

1. Mr. Kim is a resident of Ingham County, Michigan.

2. Mr. Kim was a member of the All United States Kendo Federation ("AUSKF").

3. Defendant AUSKF is the governing organization for Kendo dojos that teach and practice.

4. Defendant AUSKF operates in multiple locations in which they teach and practice kendo throughout the United States; one of those locations existing in Kalamazoo County, Michigan.

5. The primary AUSKF affiliated dojo Mr. Kim trained at is the Defendant's Kalamazoo dojo.

6. Incidents occurring within this Complaint take place throughout the United States.

7. The amount in controversy exceeds $25,000 exclusive of interest and costs.

## COMMON ALLEGATIONS

8. Mr. Kim incorporates by reference paragraphs 1 through 7 above as though fully set forth herein.

9. From May 2019 through November 2, 2019, an agent of AUSKF was tasked to investigate. During which time, the investigator conducted interviews with individuals believed to be relevant parties.

10. In November and December of 2019, AUSKF had a meeting regarding Mr. Kim.

11. Following this AUSKF Board meeting, Mr. Kim was informed by third parties of rumors spreading regarding Mr. Kim.

12. Upon further inquiry by Mr. Kim, Mr. Kim learned these were not merely rumors; rather, Mr. Kim was being wrongfully accused of sexual assault and/or criminal sexual misconduct.

13. In November and December of 2019, Mr. Kim learned he was being wrongly labeled as a criminal and/or sexual predator.

14. This wrongful labeling and publication of Mr. Kim as a criminal and/or sexual predator originates from and was perpetuated by the AUSKF.

15. Reasonable inquiry has been made in an effort to procure the investigation files; however, our request for copies of same for independent review has been denied.

### COUNT I – DEFAMATION

16. Mr. Kim incorporates by reference paragraphs 1 through 15 above as though fully set forth herein.

17. The AUSKF falsely published that Mr. Kim committed a crime.

18. The AUSKF falsely published that Mr. Kim is a sexual predator.

19. The AUSKF falsely published that Mr. Kim committed sexual assault.

20. The AUSKF falsely published that Mr. Kim committed criminal sexual conduct.

21. Defendant published these aforementioned defamatory remarks to third parties knowing the falsity of these statements or in reckless disregard of their truth or falsity.

22. The publication of these remarks has resulted in damage to Mr. Kim's reputation in the community.

23. The publication of these remarks has resulted in damage to Mr. Kim by way of economic and non-economic loss that includes, but is not limited to, the following:

    a. Lost wages;

    b. Time, value, and money;

    c. Time, money, and any other investment Mr. Kim made in Kendo/AUSKF;

    d. Attorney fees;

    e. Mr. Kim's ability to practice Kendo;

    f. Mr. Kim's ability to coach Kendo;

    g. Mr. Kim's ability to judge Kendo competitions;

    h. Mr. Kim's ability to participate and/or compete in Kendo tournaments;

    i. Mr. Kim's ability to socialize and/or interact, without hesitation, with others in the Kendo community;

    j. Mr. Kim's ability to socialize and/or interact, without hesitation with others in the general community.

    k. A stripping of Mr. Kim's titles and rankings;

    l. Emotional distress;

    m. Humiliation, mortification, and embarrassment;

    n. Sleeplessness, anxiety, and stress-induced weight loss; and/or

    o. Any other damages that may arise during the course of discovery and the course of this trial.

24. Defendant's accusations constitute defamation[1] per se.

## COUNT II – INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

25. Mr. Kim incorporates by reference paragraphs 1 through 24 above as though fully set forth herein.

26. Defendant's aforementioned conduct was intentional.

27. Defendant's aforementioned conduct was extreme, outrageous, and of a character not to be tolerated by a civilized society.

---

[1] MCL 600.2911

Kim v AUSKF                                                                                              4

28. Defendant's aforementioned conduct was for an ulterior motive or purpose.

29. Defendant's aforementioned conduct resulted in severe and serious emotional distress to Mr. Kim.

30. As a direct and proximate result of Defendant's aforementioned conduct, Mr. Kim has been damaged in such ways to include, but not limited to, the following:

   a. Lost wages;
   b. Time, value, and money;
   c. Time, money, and any other investment Mr. Kim made in Kendo/AUSKF;
   d. Attorney fees;
   e. Mr. Kim's ability to practice Kendo;
   f. Mr. Kim's ability to coach Kendo;
   g. Mr. Kim's ability to judge Kendo competitions;
   h. Mr. Kim's ability to participate and/or compete in Kendo tournaments;
   i. Mr. Kim's ability to socialize and/or interact, without hesitation, with others in the Kendo community;
   j. Mr. Kim's ability to socialize and/or interact, without hesitation with others in the general community.
   k. A stripping of Mr. Kim's titles and rankings;
   l. Emotional distress;
   m. Humiliation, mortification, and embarrassment;
   n. Sleeplessness, anxiety, and stress-induced weight loss; and/or
   o. Any other damages that may arise during the course of discovery and the course of this trial.

WHEREFORE, Mr. Kim prays this Honorable Court enter judgment in his favor and against the Defendant as follows:

A. An award of damages in the amount of $500,000.00 together with costs, expenses, and interest accrued in the pursuit of this litigation;

B. Order Defendant to retract any/all defamatory statements;

C. Enjoin Defendant from making further defamatory statements;

D. Dismiss Mr. Kim's expulsion from the AUSKF;

E. Following dismissal of Mr. Kim's expulsion, permit Mr. Kim's participation in the practice, competition, coaching, judging, and all other aspects of the AUSKF as if Mr. Kim had never been previously inhibited;

F. Reinstatement of all of Mr. Kim's titles, rankings, medals, awards, and any other accolades, having done so as if no prior stripping of same had occurred;

G. Punitive damages;

H. Attorney fees; and

I. Any other relief this Honorable Court deems just, fit, and equitable so as to restore Mr. Kim to the maximum extent this Court is empowered to do.

**REED LAW PLC**
**Attorney for Plaintiff**

Dated: October 29, 2020

By: _____
Phillip J. Reed (P77157)

**STARKS LAW, PLC**
**Co-Counsel for Plaintiff**

Dated: October 29, 2020

By: _____
Reh Starks (P76689)

Kim v AUSKF

6

**STARKS LAW, PLC**
119 N. CHURCH ST., STE. 202
KALAMAZOO, MI 49007





CERTIFIED MAIL

9436 0118 9956 4685 8240 31
RESTRICTED DELIVERY REQUESTED

RECEIVED
January 8, 2021

NORMAN K. OTANI

All United States Kendo Federation
Attn: Norman K. Otani, Agent For Service
2338 East Minarets Avenue
Fresno CA 93720-0160